Commonwealth of Pennsylvania, Department of Aging, Petitioner *v.* Frederick C. Lindberg, Respondent.

Argued December 17, 1981, before President Judge CRUMLISH and Judges ROGERS and CRAIG, sitting as a panel of three.

*Rosalyn K. Robinson*, Assistant Attorney General, with her *Harvey Bartle, III*, Acting Attorney General, for petitioner.

*J. Jay Cooper*, Goldberg, Evans & Katzman, for respondent.

OPINION BY JUDGE ROGERS, February 17, 1982:

The Pennsylvania Department of Aging appeals from an adjudication of the State Civil Service Commission holding that Frederick C. Lindberg was unlawfully furloughed by the Department of Aging as a Welfare Program Executive II, regular status, and ordering that he be reinstated "to a position of Welfare Program Executive II, regular status ... with reimbursement of all wages earned and all emoluments since August 3, 1979 less any wages earned and benefits received...." We affirm the Commission's holding.

Lindberg was employed by the Department of Public Welfare (DPW) in the civil service classification of Welfare Program Executive II with responsibility for domiciliary care. The domiciliary care function was transferred from DPW to the Department of Aging when the latter department was created in 1978. Lindberg was transferred to the Department of Aging in July, 1979.

The Department of Aging decided that Lindberg's classification of Welfare Program Executive II was

inappropriate for the type of work he was performing and that it did not conform to a new standardized system of classification by the Department. Instead of taking steps to place Lindberg in a classification it deemed appropriate, the Department of Aging furloughed him effective August 3, 1979. His position dealing with domiciliary care was reclassified as Adult Services Policy Specialist I, a position with a lower maximum salary than that of Welfare Program Executive II.

Lindberg appealed his furlough to the State Civil Service Commission which conducted a hearing on November 13, 1979. On January 25, 1980, the Civil Service Commission not having yet decided the matter of the appeal, Lindberg accepted a position with the Department of Aging as an Adult Services Policy Specialist I.

The State Civil Service Commission handed down its adjudication on April 30, 1980 requiring, as we have said, Mr. Lindberg's reinstatement by the Department of Aging as a Welfare Program Executive II with reimbursement of all wages since August 3, 1979, less wages earned in the meantime. The State Civil Service Commission held, and the Department of Aging now concedes, that the furlough action was improper since there was no proof of lack of work or lack of funds required for furlough under Sections 3(s) and 802 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §§741.3(s), 741.802.

Nevertheless, the Department of Aging raises two questions in this appeal. The first is that of whether the State Civil Service Commission committed an abuse of discretion by ordering that Lindberg be reimbursed for loss of wages from the date of his furlough until the date of the Commission's order of April 30, 1980 in view of the fact that Lindberg had been reemployed on January 25, 1980. First, the Commission

did not order reimbursement only until the date of its decision but until Lindberg's reinstatement. The Commission also ordered that the amount of reimbursement should be his pay when furloughed, less wages earned meanwhile. Since, as we understand, Lindberg has been paid less as an Adult Services Policy Specialist I than he was when furloughed, he is entitled to receive the amount of pay he was receiving when he was furloughed less the amount he has been receiving since he went back to work for the Department of Aging on January 25, 1980 (and any other earnings received since furlough). And, of course, implicit in the order is the requirement that he continue to be paid at least the same amount as he was receiving when he was unlawfully furloughed.

The Department of Aging, secondly, questions the propriety of the State Civil Service's order that Lindberg be reinstated as a Welfare Program Executive II rather than as an Adult Services Policy Specialist I, the new classification applied to one performing his duties in the Department of Aging. When the Commission heard the matter, Lindberg was simply an illegally furloughed Welfare Program Executive II. Neither his later reemployment nor the new classification assigned him was in the record on which the Commission's order was founded. We may not change the Commission's order based on mere assertions in the Department's brief and would not know how to do so, if we might.

Order affirmed.

### Order

And Now, February 17, 1982, the order of the State Civil Service Commission made April 30, 1980, is affirmed.

Judge Palladino did not participate in the decision in this case.                                           ○